FILED

2012 NOV -8 PM 1: 47

CLERK US DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Cindy Chan (SBN 247495)
   cchan@blakelylawgroup.com
3  BLAKELY LAW GROUP
   915 North Citrus Avenue
4  Los Angeles, California 90038
   Telephone: (323) 464-7400
5  Facsimile: (323) 464-7410

6  *Attorneys for JibJab Media, Inc.*

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  JIBJAB MEDIA, INC., a Delaware          CASE NO. CV12-09591 - CAS (MANx)
    Corporation,
12                                          **COMPLAINT FOR DAMAGES:**
                  Plaintiff,
13                                          1. **COPYRIGHT INFRINGEMENT;**
14          v.
                                            2. **FEDERAL TRADEMARK**
15  HYUNDAI MOTOR AMERICA, a                   **INFRINGEMENT;**
    California Corporation; HUB STRATEGY
16  AND COMMUNICATION, INC.,                3. **FALSE DESIGNATIONS OF**
    California Corporation; ROBERT D.          **ORIGIN AND FALSE**
17  TINGEY, an individual dba LARRY H.         **ADVERTISING;**
    MILLER HYUNDAI HILLSBORO;
18  PLAZA HYUNDAI LTD., a New York          4. **UNFAIR COMPETITION IN**
    Corporation; EDISON MOTOR CARS,            **VIOLATION OF CALIFORNIA**
19  INC., a New Jersey Corporation dba         **STATE AND COMMON LAW**
    BRAD BENSON AUTO GROUP; BRAD
20  BENSON, an individual; and DOES 1-10,
    inclusive,                                    **JURY TRIAL DEMANDED**
21
                  Defendants.
22

23          Plaintiff JIBJAB MEDIA, INC. for its claims against Defendants HYUNDAI

24  MOTOR AMERICA, HUB STRATEGY AND COMMUNICATION, INC., ROBERT

25  D. TINGEY dba LARRY H. MILLER HYUNDAI HILLSBORO; PLAZA HYUNDAI

26  LTD., EDISON MOTOR CARS, INC. dba BRAD BENSON AUTO GROUP, and

27  BRAD BENSON (collectively "Defendants") respectfully alleges as follows:

28

**JURISDICTION AND VENUE**

1.     Plaintiff files this action against Defendants for copyright infringement under 17 U.S.C. § 101, et seq., as well as trademark infringement, trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims of unfair competition and trademark dilution under the statutory and common law of the state of California.  This Court has subject matter jurisdiction over the trademark and copyright infringement claims under 28 U.S.C. §§1331 and 1338(a).

2.     This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.     This Court has personal jurisdiction over Defendants because Defendants are incorporated in this judicial district and/or do business within this judicial district.

4.     This action arises out of wrongful acts by Defendants within this judicial district.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

**THE PARTIES**

5.     Plaintiff JibJab Media, Inc. ("JibJab") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business in Venice, California.

6.     Upon information and belief, Defendant Hyundai Motor America ("Hyundai") is a corporation duly organized and existing under the laws of the state of California, with its principal place of business in Fountain Valley, California.

7.     Upon information and belief, Defendant Hub Strategy and Communication, Inc. is a corporation duly organized and existing under the laws of the state of California, with its principal place of business at 37 Graham Street, Suite 220, San Francisco, California 94129.

COMPLAINT FOR DAMAGES

8. Upon information and belief, Defendant Robert D. Tingey is an individual doing business under the name "Larry H. Miller Hyundai Hillsboro" at 2871 SE Tualatin Valley Highway, Hillsboro, Oregon 97123.

9. Upon information and belief, Defendant Plaza Hyundai Ltd. is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 2740 Nostrand Ave., Brooklyn, New York 11210.

10. Upon information and belief, Defendant Edison Motor Cars, Inc. dba "Brad Benson Auto Group" is a corporation duly organized and existing under the laws of the State of New Jersey, with its principal place of business at 3905 US Highway 1, Monmouth Junction, New Jersey 08852.

11. Upon information and belief, Defendant Brad Benson is an individual domiciled in New Jersey and doing business at Brad Benson Auto Group.

12. Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sue them by their fictitious names.  Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained.  Plaintiff is informed and believe, and based thereon allege, that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

13. Plaintiff is informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiff further alleges that Defendants and DOES 1 through 10, inclusive, had a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.    JibJab and its Copyrights and Trademarks

14.    In 1999, two brothers, Evan and Gregg Spiridellis, started JibJab in a Brooklyn garage where they produced high quality eCards for other websites.

15.    In February 2000, they created their first viral video hit with an interactive video of the founding fathers, Benjamin Franklin, Thomas Jefferson and George Washington, rapping about the Declaration of Independence ("Founding Fathers Rap"). They quickly followed it with an even bigger hit featuring George Bush and Al Gore in a rap battle for the 2000 presidential election. The video was one of the web's first broad based hits and landed on Fox's MadTV, ABC News, CNN and a host of other national media outlets.

16.    In January 2002, the Spiridellis brothers relocated the business to California where JibJab Media, Inc. was formed.  During their first two years in Los Angeles, they published a best-selling holiday book for Disney called "Are You Grumpy Santa," they produced a series of viral animations for Sony, and created the Bananagrabber character for the hit TV series "Arrested Development".

17.    In 2004, JibJab released "THIS LAND," a political animation parody based upon the George Bush v. John Kerry political battle. The video, animated by Evan and written by Gregg, rocketed around the world from inbox to inbox after the brothers emailed a link to the 130,000 people on their fan newsletter. Within days, millions of requests poured in from around the world for their satirical video. The string of media attention that followed was unprecedented for an Internet video. The Today Show, ABC News, Jay Leno, CNN, FOX, CNBC, Entertainment Weekly, Rolling Stone, The New York Times, Variety, Los Angeles Times and hundreds of other media outlets from around the world covered the story.

18.    In 2007, JibJab released "Starring You®," an eCard that allowed people to personalize it by putting themselves into JibJab videos and images.  As of June

2010, people have uploaded over 150 million heads to the Starring You platform and viewed personalized videos and images over 400 million times.

19.   A vast majority of JibJab's eCards and certain Starring You content are available exclusively to paying JibJab members.

20.   JibJab also engaged in cobranded entertainment experiences and has creative advertisements in connection therewith for organizations such as Sony, OfficeMax, and Major League Baseball.

21.   JibJab has grown into a nationally recognized brand. Today they are joined on their mission to make things that make people laugh by an exceptional team of 37 artists, technologists and business people working diligently to surprise and delight audiences around the world with exceptional online entertainment. Because of JibJab's widespread recognition and distinct style of its videos, the public has come to associate said videos as emanating from JibJab.

22.   There are currently over 100 million people from 189 countries sharing hundreds of millions of videos and pictures on http://sendables.jibjab.com/.  Since 2007, JibJab's video library has been viewed over 750 million times on JibJab.com, which does not include views on YouTube.com and national television.

23.   JibJab owns various copyright registrations to its online animations and parodies.  Over the past twelve years, JibJab has created over 700 videos and owns approximately 190 copyrights in connection therewith ("JibJab Copyrighted Works")

24.   JibJab is the owner of the entire right, title and interest in and to the word mark "JIBJAB," ("JibJab Mark") which was first registered in 2002, as well as composite marks bearing the words JibJab Mark.  Registrations for the JibJab Mark include but are not limited to the following:

| Mark | Registration No. | Goods/Services |
|------|------------------|----------------|
| JIBJAB | 2,587,463 | Animation and multimedia entertainment software production services. |
| | 3,155,670 | Inter alia re-recorded media, namely, pre-recorded CDs, DVDs and electronic media, namely, digital computer |

| | | downloads on the subject of comedy. |
|---|---|---|
| | 3,660,801 | Providing a selection of on-line electronic greeting cards. |
| | 4,080,282 | Delivery of personalized greeting cards to others via electronic mail; Transmission of greeting cards online |

25.    Due to JibJab's long use, extensive sales, and significant advertising and promotional activities, the JibJab Mark has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.  The arbitrary and distinctive JibJab Mark identify JibJab as the source/origin of the media on which it appears.

26.    Upon information and belief, the individual defendants named herein are the active, moving, conscious forces behind the alleged infringing activities.

**B.    Defendants' Infringing Use of JibJab Copyrights and Trademark in Connection with Hyundai Commercials**

27.    Upon information and belief, Hyundai  is a company engaged in the business of manufacturing, producing, distributing, adverting, offering for sale, and/or selling motor vehicles throughout the world and in the United States.

28.    Hyundai motor vehicles are advertised, offered for sale, and sold nationwide by Hyundai's franchisees.

29.    Upon information and belief, Defendants Larry H. Miller Hyundai Hillsboro, Plaza Hyundai Ltd., and Brad Benson Auto Group are authorized dealers of Hyundai motor vehicles.

30.    It has recently come to Plaintiff's attention that the Defendant Hyundai dealers reference above have been running a series of commercials online, which can be viewed on their respective websites and/or YouTube.com, which incorporate key elements of the JibJab Copyrighted Works ("Hyundai Commercials").

31.     Furthermore, these Hyundai Commercials incorporate the words "Jib Jab" in their title descriptions, which cause consumer confusion regarding Defendants' affiliation, sponsorship, and/or connection with JibJab.

32.     Plaintiff is informed and believes that Defendant Hub Strategy and Communication, Inc. is a company that specializes in brand building and was hired by Hyundai and/or the Hyundai dealers to create/develop the Hyundai Commercials.

33.     Because of the close similarity between the Hyundai Commercials on one hand and the hundreds of JibJab Copyrighted Works, as well as Defendants' use of the words "JIB JAB," consumers will likely be confused, if they have not already been confused, as to the source of these commercials and will likely believe that they were created or sponsored by JibJab, or that JibJab is somehow connected or affiliated with Hyundai and/or its dealers.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement)

34.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

35.     JibJab owns copyright registrations to the JibJab Copyrighted Works.

36.     Upon information and belief, Defendants actually copied the protected elements of the JibJab Copyrighted Works in contriving their Hyundai Commercials.

37.     The Hyunda Commercials feature animation that is substantially similar to the JibJab Copyrighted Works.  Defendants have taken the combined concrete elements of JibJab's protected expression, which comprises and defines the works, and have combined these elements to create an advertisement that has numerous similarities to, and patterns existing in, Jib Jab's videos, resulting in a work that is strikingly similar to that of Jib Jab's copyrighted works and thereby infringing.

38.     Given the widespread popularity of the JibJab Copyrighted Works, Defendants had access to these works and, upon information and belief, Defendants

have knowingly infringed upon said works by distributing a commercial featuring substantially similar animation in violation of 17 U.S.C. § 501.

39.     Upon information and belief, Defendants have intentionally, knowingly and willfully copied the JibJab Copyrighted Works in order to personally benefit from the widespread customer recognition and acceptance of said works and to capitalize upon the market created by these works.

40.     Upon information and belief, the aforesaid infringements by Defendants occurred and continue to occur with the knowledge that such works are copyrighted and the Defendants, in committing the acts complained of herein, have willfully infringed upon JibJab's rights under the Copyright Laws of the United States, Title 17 U.S.C. § 101, et seq.

41.     Defendants' infringement of the JibJab Copyrighted Works is to the great and irreparable damage of JibJab, and JibJab is informed and believe, as indicated, that Defendants will continue such infringement unless enjoined by this Court.

42.     JibJab has suffered loss of profits and other damage, and Defendants have earned illegal profits in an amount to be proven at trial as the result of the aforesaid acts of Defendants.

43.     Plaintiff has no adequate remedy at law.

44.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the JibJab Copyrighted Works or any works identical and/or substantially similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that JibJab has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 17 U.S.C. § 504(b), or in the alternative statutory damages pursuant to 17 U.S.C. § 504(c), and/or any additional damages pursuant to 17 U.S.C. § 504(d).

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement– 15 U.S.C. § 1114)

45.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

46.     The JibJab Mark is nationally recognized, including within the Central District of California, as being affixed to works from JibJab.

47.     The registrations embodying the JibJab Mark are in full force and effect.

48.     Defendants' unauthorized use of the JibJab Mark in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with JibJab.

49.     Defendants' use of the JibJab Mark is without Plaintiff's permission or authority and is in total disregard of Plaintiff's rights to control their trademarks.

50.     Defendants' activities are likely to lead to and result in confusion, mistake or deception and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or are otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff.

51.     Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with Plaintiff's trademarks.

52.     As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiff has been injured and will continue to suffer injury to their businesses and reputations unless Defendants is restrained by this Court from infringing Plaintiff's trademarks.

53.     Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

54.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the JibJab Mark or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## THIRD CLAIM FOR RELIEF

### (False Designation of Origin and False Advertising - 15 U.S.C. § 1125(a))

55.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

56.     The JibJab Mark is nonfunctional and its inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Plaintiff as the source of high-quality goods.

57.     Defendants' use of the JibJab Mark in its commercials is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of said products, and is intended, and is likely to cause such parties to believe in error that the Defendants' products have been authorized, sponsored, approved, endorsed or licensed by JibJab, or that Defendants is in some way affiliated with JibJab.

58.     Defendants' use of the JibJab Mark is without Plaintiff's permission or authority and is in total disregard of Plaintiff's rights to control their trademarks.

59.     Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

60.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the JibJab Mark, or any marks/designs confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has

1  sustained and will sustain, and all gains, profits and advantages obtained by

2  Defendants as a result of their infringing acts alleged above in an amount not yet

3  known, as well as the costs of this action.

## FOURTH CLAIM FOR RELIEF

5  **(Unfair Competition In Violation Of California State And Common Law)**

6       61.    Plaintiff incorporates herein by reference the averments of the preceding

7  paragraphs as though fully set forth herein.

8       62.    Plaintiff owns and enjoys federal trademark rights and common law

9  trademark rights to the JibJab Mark in California and throughout the United States.

10      63.    Despite being on constructive and/or actual notice of Plaintiff's rights to

11  the JibJab Mark, Defendants have used the words "JIB JAB" in connection with their

12  Hyundai Commericials.

13      64.    Defendants' unauthorized use of the JibJab Mark has caused and is likely

14  to cause confusion as to the source of Defendants' products, all to the detriment of

15  Plaintiff.

16      65.    Upon information and belief, Defendants' acts are willful, deliberate, and

17  intended to confuse the public and to injure Plaintiff.

18      66.    Defendants' acts have impaired Plaintiff's goodwill to the JibJab Mark,

19  have created a likelihood of confusion, and have otherwise adversely affected

20  Plaintiff's business and reputation by use of unfair and fraudulent business practices in

21  violation of California Business & Professions Code, including Sections 17200 to

22  17208, and the common law.

23      67.    Plaintiff has been irreparably harmed and will continue to be irreparably

24  harmed as a result of Defendants' infringing activities unless Defendants is

25  permanently enjoined from said conduct.

26      68.    The conduct herein complained of was extreme, outrageous, fraudulent,

27  and was inflicted on Plaintiff in reckless disregard of their rights.  Said conduct was

28  despicable and harmful to Plaintiff and as such supports an award of exemplary and

1   punitive damages in an amount sufficient to punish and make an example of

2   Defendants and to deter them from similar such conduct in the future.

3       69.    Plaintiff has no adequate remedy at law.

4       70.    In light of the foregoing, Plaintiff is entitled to injunctive relief

5   prohibiting Defendants from using the JibJab Mark, or marks and/or designs identical

6   and/or confusingly similar thereto, and to recover all damages, including attorneys'

7   fees, that Plaintiff has sustained and will sustain and all gains, profits and advantages

8   obtained by Defendants as a result of their infringing acts alleged above in an amount

9   not yet known, and the costs of this action.

10   **PRAYER FOR RELIEF**

11       WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, as

12   follows:

13       1.    Granting temporary, preliminary and permanent injunctive relief

14   restraining and enjoining Defendants, their officers, agents, employees, and attorneys,

15   and all those persons or entities in active concert or participation with them from:

16       (a)    Using the JibJab Copyrighted Works or any elements thereof that

17   are identical and/or substantially similar in connection with Defendants' advertising,

18   promotions, marketing, and/or distribution of its products.

19       (b)    Using the JibJab Mark or any animation, cartoon, or logo identical

20   and/or confusingly similar thereto in connection with Defendants' advertising,

21   promotions, marketing, and/or distribution of its products

22       (c)    engaging in any other activity constituting unfair competition with

23   JibJab, or acts and practices that deceive consumers, the public, and/or trade, including

24   without limitation, the use of designations and design elements associated with JibJab;

25       (d)    committing any other act which falsely represents or which has the

26   effect of falsely representing that the goods and services of Defendants are licensed by,

27   authorized by, offered by, produced by, sponsored by, or in any other way associated

28   with Plaintiff;

2.    Ordering Defendants to file with this Court and serve on JibJab within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

3.    Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

4.    Awarding Plaintiff all of Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 504(b);

5.    Awarding treble damages in the amount of Defendants' profits or Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

6.    Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b) and 17 U.S.C. § 505;

7.    Awarding Plaintiff's statutory damages pursuant to 15 U.S.C. §1117(c) and 17 U.S.C. § 504(c);

8.    Awarding Plaintiff punitive damages in connection with its claims under California law; and

9.    Such other relief as may be just and proper.

Dated: November 7, 2012          BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Cindy Chan
*Attorneys for Plaintiff JibJab Media, Inc.*

COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all claims in this litigation.

Dated:  November 7, 2012

BLAKELY LAW GROUP

By:

Brent H. Blakely
Cindy Chan
*Attorneys for Plaintiff JibJab Media, Inc.*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JIBJAB MEDIA, INC. | HYUNDAI MOTOR AMERICA; HUB STRATEGY AND COMMUNICATION, INC.; ROBERT D. TINGEY; PLAZA HYUNDAI LTD; EDISON MOTOR CARS, INC.; BRAD BENSON |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>BLAKELY LAW GROUP<br>915 North Citrus Avenue, Hollywood, California 90038<br>Telephone: (323) 464-7400 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No     ☑ **MONEY DEMANDED IN COMPLAINT: $** 100,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright Infringement

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☑ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: CV12-09591

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)            CIVIL COVER SHEET            Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Hyundai Motor America - ORANGE COUNTY<br>Hub Strategy and Communication, Inc. - SAN FRANCISCO COUNTY | Robert D Tingey - OREGON<br>Plaza Hyundai Ltd - NEW YORK<br>Edison Motor Cars / Brad Benson - NEW JERSEY |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

<u>Note: In land condemnation cases, use the location of the tract of land involved</u>

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 11/07/2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |