UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9591-CAS (MANx) | Date | August 1, 2013 |
|---|---|---|---|
| Title | JIBJAB MEDIA, INC. V. HYUNDAI MOTOR AMERICA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:** (In Chambers:) **PLAINTIFF'S EX PARTE APPLICATION TO FILE A SECOND AMENDED COMPLAINT** [82] (filed July 25, 2013)

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** [77] (filed July 22, 2013)

On November 8, 2012, plaintiff JibJab Media, Inc. ("JibJab"), filed suit against Hyundai Motor America ("Hyundai"), Hub Strategy and Communication ("Hub Strategy"), Brad Benson, and three Hyundai auto dealerships: Edison Motor Cars, Inc. dba Brad Benson Auto Group, Plaza Hyundai, Ltd., and Robert Tingley dba Larry H. Miller Hyundai of Hillsboro. Dkt. No. 1. Plaintiff alleges that defendants aired various commercials that infringe upon plaintiff's copyrighted works, in violation of state and federal law. Hyundai and Hub Strategy are the only defendants remaining in the case.

On July 22, 2013, Hyundai filed a motion for summary judgment, contending that it had no involvement whatsoever in producing the subject advertisements that allegedly infringed on plaintiff's protected works. According to the sworn declaration of its marketing director, these advertisements are a form of "third-tier" marketing, which are not created or approved by Hyundai before being publicly disseminated. As a result, Hyundai allegedly did not learn of these advertisements until the instant lawsuit. For these reasons, it argues that it cannot be held liable on a theory of direct infringement set forth in plaintiff's operative First Amended Complaint. Plaintiff has opposed this motion.

On July 25, 2013, plaintiff filed this ex parte application for leave to file a second amended complaint, lodged currently with its application. Plaintiff avers that it has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9591-CAS (MANx) | Date | August 1, 2013 |
|---|---|---|---|
| Title | JIBJAB MEDIA, INC. V. HYUNDAI MOTOR AMERICA, ET AL. | | |

determined that its claims are more appropriately alleged as claims of indirect infringement, based upon Hyundai's vicarious or contributory liability for the acts of its agents; namely, the car dealerships who produced the subject advertising. Therefore, plaintiff seeks leave to file the proposed Second Amended Complaint, which would moot Hyundai's motion directed at plaintiff's claims of direct infringement. Defendant has opposed plaintiff's application.

After considering the parties' arguments, the Court finds that plaintiff should be permitted leave to file its proposed Second Amended Complaint forthwith. Defendant is correct that both Federal Rules of Civil Procedure 15 and 16 apply to the consideration of plaintiff's application—the deadline for amending pleadings passed on June 6, 2013. However, the Court finds "good cause" for amending the scheduling order to permit an amendment in this case.

Most importantly, discovery is just beginning in this litigation. Plaintiff has unsuccessfully sought to obtain discovery from the recently dismissed car dealerships, who have apparently moved to quash the subpoenas with which they were served. Moreover, it took the parties substantial time to formulate and implement a protective order related to defendant's confidential documents. Plaintiff has also indicated its intent to compel further responses to its discovery requests from Hyundai. The parties will have ample time to resolve these disputes and bring any further dispositive motions—the discovery cut-off in this case is not until December 20, 2013, and the cut-off for filing dispositive motions is not until January 6, 2013.[1]

Therefore, with little progress having been made in discovery related to the claims in plaintiff's First Amended Complaint, defendant will suffer little prejudice, if any, if plaintiff is allowed to file an amended complaint directed towards its indirect theories of liability. Furthermore, plaintiff sought to file its amended complaint immediately after

---

[1] Alternatively, even if the Court were to deny plaintiff's ex parte application, the Court would find that defendant's motion for summary judgment should be denied under Federal Rule of Civil Procedure 56(d), as plaintiff has demonstrated that it has not had the opportunity to conduct discovery that could go towards defeating defendant's motion. In light of the outstanding discovery, it would be premature to adjudicate defendant's motion for summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9591-CAS (MANx) | Date | August 1, 2013 |
|---|---|---|---|
| Title | JIBJAB MEDIA, INC. V. HYUNDAI MOTOR AMERICA, ET AL. | | |

defendant filed its motion for summary judgment, albeit on an ex parte basis.  While the Court does not condone such filings and admonishes plaintiff to file a noticed motion in the future, given the status of this case, given the status of this case, the Court finds it appropriate to grant plaintiff's application here.

     Accordingly, the Court directs the Clerk to file plaintiff's proposed Second Amended Complaint forthwith.  Defendant's motion for summary judgment is DENIED as moot, without prejudice to defendant bringing a renewed motion directed to the allegations in the Second Amended Complaint.

     IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |