1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| JIBJAB MEDIA, INC., a Delaware Corporation, | ) CASE NO. 2:12-CV-09591 CAS (MANx) ) |
| Plaintiff, | ) **PROTECTIVE ORDER ENTERED** ) **PURSUANT TO THE PARTIES'** ) **STIPULATION** |
| v. | ) ) |
| HYUNDAI MOTOR AMERICA, et al., | ) ) |
| Defendants. | ) ) ) |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation to Protective Order and [Proposed] Order ("Stipulation") filed on July 2, 2013, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 4, 8(f), 11, 12, 14, and 25 of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, Attorneys' Eyes Only, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information,

1

document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, Attorneys' Eyes Only, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as Confidential, Attorneys' Eyes Only, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

1    Notwithstanding any other provision of this Protective Order, in the event that
2    this case proceeds to trial, all information, documents, and things discussed or
3    introduced into evidence at trial will become public and available to all members of the
4    public, including the press, unless sufficient cause is shown in advance of trial to
5    proceed otherwise.

6

7    ## TERMS OF PROTECTIVE ORDER
8    ## DEFINITIONS

9    1.    As used in this Protective Order,

10    a.    "Designating Party" means any Person who designates Material as
11    Confidential Material.

12    b.    "Discovering Counsel" means counsel of record for a Discovering
13    Party.

14    c.    "Discovering Party" means the Party to whom Material is being
15    Provided by a Producing Party.

16    d.    "Confidential Material" refers to those materials designated as
17    "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as defined in Paragraph 2
18    below.

19    e.    "Material" means any document, testimony, or information in any
20    form or medium whatsoever, including, without limitation, any written or printed
21    matter, Provided in this action by a Party before or after the date of this Protective
22    Order.

23    f.    "Party" means the Parties to this action, their attorneys of record,
24    and their agents.

25    g.    "Person" means any individual, corporation, partnership,
26    unincorporated association, governmental agency, or other business or governmental
27    entity whether a Party or not.

28

1        h.      "Producing Party" means any Person who Provides Material during
2   the course of this action.

3        i.      "Provide" means to produce any Material, whether voluntarily or
4   involuntarily, whether pursuant to request or process.

5                          **CONFIDENTIAL DESIGNATION**

6        2.      A Producing Party may designate as "CONFIDENTIAL" any material
7   **P**rovided to a Party which contains or discloses any of the following:

8        a.      Non-public insider information, personnel files, financial
9   information, trade secrets, confidential commercial information, proprietary
10  information, or other confidential or sensitive information which the Producing Party
11  determines in good faith should be kept confidential; and

12       b.      Information that the Party is under a duty to preserve as
13  confidential under an agreement with or other obligation to another Person.

14       c.      The Producing Party may designate as "ATTORNEYS' EYES
15  ONLY," documents the Producing Party contends contain or disclose materials which
16  they in good faith believe to be of an extremely high degree of current commercial
17  sensitivity, personal privacy, and/or would provide a competitive advantage to its
18  competitors if disclosed.

19       3.      A Producing Party shall stamp as CONFIDENTIAL or ATTORNEYS'
20  EYES ONLY Materials which the Producing Party in good faith believes are entitled
21  to protection pursuant to the standards set forth in Paragraph 2 of this **Protective**
22  Order.  A Producing Party may designate Confidential Material for Protection under
23  this **Protective O**rder by either of the following methods:

24       a.      By physically marking it with the following inscriptions (or
25  substantially similar inscriptions) prior to Providing it to a Party:

26   "CONFIDENTIAL" OR "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER"

27                                   or

28

4

1   "ATTORNEYS' EYES ONLY" OR "ATTORNEYS' EYES ONLY SUBJECT TO
2   PROTECTIVE ORDER"

3           b.      By identifying with specificity in writing to the Discovering Party
4   any previously Provided Material which was not designated as Confidential Material
5   prior to its having been Provided.  For purposes of this method of designation, it will
6   be a sufficiently specific identification to refer to the bates numbers or deposition page
7   numbers of previously Provided Material.  Where a Producing Party designates
8   previously Provided Material as Confidential Material pursuant to this subparagraph,
9   the Producing Party will follow the procedures set forth in the previous subparagraph
10  for designating Confidential Material, and Provide to the Discovering Party additional
11  copies of the previously Provided Material marked with the inscription described in the
12  previous subparagraph.  Upon receipt of the additional copies which comply with the
13  procedures set forth in the previous subparagraph, the Discovering Party will
14  immediately return to the Producing Party the previously Provided Material, or
15  alternatively, will destroy all the previously Provided Material, at the option of the
16  Producing Party.  For previously Provided Material which was not designated as
17  Confidential Material at the time of its being Provided, this Protective Order shall
18  apply to such materials beginning on the date that the Producing Party makes such
19  designation.

20          All costs associated with the designations of materials as "Confidential" or
21  "Attorneys' Eyes Only" involving, for example, the cost of binding confidential
22  portions of deposition transcripts, shall be initially borne by the Party making the
23  designation **without** prejudice **to** the Designating Party's ability to recover its costs
24  upon completion of the litigation.

25          The designation of documents as "Confidential" or "Attorneys' Eyes Only" does
26  not entitle the parties to have those documents filed under seal.  An application,
27  including a stipulated application to file documents under seal must comply with Local
28  Rule 79-5.

**RESTRICTION ON USE OF CONFIDENTIAL MATERIAL**

4. Confidential Material designated as CONFIDENTIAL shall not be disclosed, nor shall its contents be disclosed, to any person other than those described in Paragraph 7 of this Protective Order and other than in accordance with the terms, conditions, and restrictions of this Protective Order. Confidential Material designated as ATTORNEYS' EYES ONLY shall not be disclosed, nor shall its contents be disclosed to any person other than those described in Paragraph 8 of this Protective Order **and other than in accordance with the terms, conditions, and restrictions of this Protective Order**.

5. Confidential Material Provided by a Producing Party to a Discovering Party shall not be used by the Discovering Party or anyone other than the Producing Party, specifically including the persons identified in Paragraphs 7 or 8 as appropriate, for any purpose, including, without limitation any personal, business, governmental, commercial, publicity, public-relations, or litigation (administrative or judicial) purpose, other than the prosecution or defense of this action.

6. All Confidential Material shall be kept secure by Discovering Counsel and authorized access to Confidential Material shall be limited to persons authorized pursuant to Paragraphs 7 or 8 of this Protective Order.

7. For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, Discovering Counsel may disclose Material designated as CONFIDENTIAL and the contents of Material designated as CONFIDENTIAL only to the following persons:

a. Counsel of record working on this action on behalf of any **P**arty and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretaries, and clerical staff.

b. In-house counsel and such in-house counsel's employees who are directly participating in this action, including counsel's paralegals, assistants, secretaries, and clerical staff.

1    c.    Court and deposition reporters and their staff(**s**).

2    d.    The Court and any Person employed by the Court whose duties

3    require access to Material designated as CONFIDENTIAL.

4    e.    Witnesses at depositions or pre-trial proceedings, in accordance

5    with procedures set forth in Paragraphs 11-13.

6    f.    Non-party experts and consultants assisting counsel with respect to

7    this action and their secretarial, technical, and clerical employees who are actively

8    assisting in the preparation of this action, in accordance with the procedures set forth in

9    Paragraphs 11-13.

10    g.    Officers, directors, and employees of the Parties hereto who have a

11    need to review Material designated as CONFIDENTIAL to assist in connection with

12    this litigation, subject to the limitations set forth herein;

13    h.    Photocopy service personnel who photocopied or assisted in the

14    photocopying or delivering of documents in this litigation;

15    i.    Any Person identified on the face of any such Material designated

16    as CONFIDENTIAL as an author or recipient thereof;

17    j.    Any Person who is determined to have been an author and/or

18    previous recipient of the Material designated as CONFIDENTIAL, but is not identified

19    on the face thereof, provided there is prior testimony of actual authorship or receipt of

20    the Material designated as CONFIDENTIAL by such Person; and

21    k.    Any Person who the Parties agree in writing may receive Material

22    designated as CONFIDENTIAL.

23    The Parties shall make a good faith effort to limit dissemination of Material designated

24    as CONFIDENTIAL within these categories to Persons who have a reasonable need

25    for access thereto.

26    8.    For purposes of the preparation of this action, and subject to the terms,

27    conditions, and restrictions of this Protective Order, the Discovering Counsel may

28

1  disclose confidential Material designated as ATTORNEYS' EYES ONLY, and the

2  contents of Material so designated, only to the following persons:

3          a.      Counsel of record for the Parties to this action and counsel's

4  employees who are directly participating in this action, including counsel's partners,

5  associates, paralegals, assistants, secretarial, and clerical staff.

6          b.      Court and deposition reporters and their staff(**s**).

7          c.      The Court and any person employed by the Court whose duties

8  require access to Material designated as ATTORNEYS' EYES ONLY.

9          d.      Witnesses at depositions or pre-trial proceedings, in accordance

10  with procedures set forth in paragraphs 11-13.

11          e.      Experts and consultants assisting counsel with respect to this action

12  and their secretarial, technical, and clerical employees who are actively assisting in the

13  preparation of this action, in accordance with the procedures set forth in paragraphs

14  11-13.

15          f.      Any Person identified on the face of any such Material designated

16  as ATTORNEYS' EYES ONLY as an author or **lawful** recipient thereof; and

17          g.      Any Person who is determined to have been an author of the

18  Material designated as ATTORNEYS' EYES ONLY but is not identified on the face

19  thereof, provided there is prior testimony of actual authorship of the Material

20  designated as ATTORNEYS' EYES ONLY by such Person; and

21          h.      Any Person who the Parties agree in writing may receive Material

22  designated as ATTORNEYS' EYES ONLY.

23      **<u>UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER</u>**

24          9.      Before Discovering Counsel may disclose Confidential Material to any

25  Person described in subparagraphs 7(f), 7(g), or 8(e) above, the Person to whom

26  disclosure is to be made shall receive a copy of this Protective Order, shall read

27  Paragraphs 1, 4, 5, 6, 7, 8, 9 and 10 (including the subparagraphs where applicable) of

28  the Protective Order, shall evidence his or her agreement to be bound by the terms,

conditions, and restrictions of the Protective Order by signing an undertaking in the form attached hereto as **Exhibit A** (the "Undertaking"), and shall retain the copy of this Protective Order, with a copy of his or her signed Undertaking attached. Discovering Counsel shall keep a copy of the signed Undertaking for each person described in subparagraphs 7(f), 7(g), or 8(e) to whom Discovering Counsel discloses Confidential Material.

10.    The individuals designated in subparagraph 8(a) above, are specifically prohibited from publishing, releasing, or otherwise disclosing Material designated as ATTORNEYS' EYES ONLY, or the contents thereof, to any directors, officers, or employees of the company for which the individual is employed, or to any other persons not authorized under this Protective Order to receive such information.  The designated individuals in subparagraph 8(a) shall retain all ATTORNEYS' EYES ONLY **M**aterial in a secure manner under separate and confidential file, so as to avoid inadvertent access by, or disclosure to, unauthorized persons.

## DEPOSITIONS

11.    Those portions of depositions taken by any Party at which any Material designated as CONFIDENTIAL is used or inquired into, may not be conducted in the presence of any Person(s) other than (a) the deposition witness, (b) his or her counsel, and (c) Persons authorized under Paragraph 7 of this Protective Order to view such Confidential Material.  During those portions of depositions in which Material designated ATTORNEYS' EYES ONLY is **referenced,** used, or inquired into, only those persons authorized under Paragraph 8 to view such Materials may be present.

12.    Counsel for any deponent may designate testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his or her testimony are to be treated as Confidential Material.  Counsel for any Party may designate exhibits in which that Party has a cognizable interest as Confidential Material by indicating on the record at the deposition that such exhibit(s) are to be treated as Confidential Material.  Failure of

counsel to designate testimony or exhibits as **C**onfidential **Material** at deposition, however, shall not constitute a waiver of the protected status of the testimony or exhibits. Within thirty calendar days of receipt of the transcript of the deposition, or thirty days of the date on which this Protective Order becomes effective, whichever occurs last, counsel shall be entitled to designate specific testimony or exhibits as Confidential Material.  If counsel for the deponent or Party fails to designate the transcript or exhibits as Confidential **Material** within the above-described thirty day period, any other Party shall be entitled to treat the transcript or exhibits as non-confidential material.

13.    When Material disclosed during a deposition is designated **as** Confidential Material at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript in accordance with Paragraph 3 above, and shall maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents. The reporter shall not file or lodge with the Court any Confidential Material without obtaining written consent from the Party who designated the Material as Confidential Material.  For convenience, if a deposition transcript or exhibit contains repeated references to Confidential Material which cannot conveniently be segregated from non-confidential material, any Party may request that the entire transcript or exhibit be maintained by the reporter as Confidential Material.

## USE OF CONFIDENTIAL MATERIAL IN PLEADINGS AND OTHER COURT PAPERS

14.    If any Party or non-party seeks to file or lodge with the Court any Confidential Material, such materials shall be submitted to the Court in accordance with the procedures set forth in Local Rule 79-5.1.  No documents may be filed or lodged under seal absent a court order pertinent to the specific document(s).  If a Party wishes to file or lodge documents under seal, the other Party shall not unreasonably withhold agreement to such procedure.  If an agreement is reached, the Parties shall

submit to the Court **an Application** and Proposed Order for such filing or lodging under seal **pursuant to Local Rule 79-5.1, along with a Stipulation, supported by competent evidence, in which the parties set forth the factual and legal bases upon which they assert that filing under seal is warranted.** If no such agreement is reached, then the proponent of lodging or filing under seal shall submit an Application and Proposed Order pursuant to Local Rule 79-5.1, **which is supported by competent evidence, and in which the Party presenting the Application sets forth the factual and legal bases upon which it asserts filing under seal is warranted.**

## <u>OBJECTIONS TO DESIGNATION</u>

15.     Any Party may at any time notify the Designating Party in writing of its contention that specified Material designated as Confidential Material is not properly so designated, because such Material does not warrant protection under applicable law. The Designating Party shall, within five court days, meet and confer in good faith with the Party challenging the designation in an attempt to resolve such dispute.  The Designating Party shall have ten (10) calendar days from the initial meet and confer to file a motion to uphold the designation of the **M**aterial in question.  Any such motion shall be set for hearing on the first available calendar date.  If no motion is filed within 10 days or **within a** mutually agreed to extension of time, all Parties may treat the Material as non-confidential.  To maintain the designation as Confidential Material and to prevail on such a motion, the Designating Party must show that there is good cause for the designation as Confidential Material.  Pending resolution of any motion filed pursuant to this Paragraph, all Persons bound by this Protective Order shall continue to treat the Material which is the subject of the motion as Confidential Material.

16.     Any discovery disputes concerning the designation of materials or disclosure of documents or information under this Protective Order shall be brought in compliance with Local Rule 37 and a proposed stipulated protective order should **be** provide**d**.

///

11

## **RETURN OF MATERIAL**

17.    Within ninety (90) calendar days after the final settlement or termination of this action, Discovering Counsel shall return or destroy (at the option and expense of Discovering Counsel) all Materials provided by a Producing Party and all copies thereof except to the extent that any of the foregoing includes or reflects Discovering Counsel's work product, and except to the extent that such Material has been filed with a court in which proceedings related to this action are being conducted.  In addition, with respect to any such retained work product and unless otherwise agreed to, at the conclusion of this action, counsel for each Party shall store in a secure area all work product which embodies Confidential Material together with all of the signed undertakings they are required to preserve pursuant to Paragraph 9 above, and shall not make use of such Material except in connection with any action arising directly out of these actions, or pursuant to a court order for good cause shown.  The obligation of this Protective Order shall survive the termination of this action.  To the extent that Confidential Materials are or become known to the public through no fault of the Discovering Party, such Confidential Materials shall no longer be subject to the terms of this Protective Order.  Upon request, counsel for each Party shall verify in writing that they have complied with the provisions of this paragraph.

## **SCOPE OF THIS ORDER**

18.    Except for the provisions regarding post-trial or post-settlement return and destruction of Material, or segregation of work product which embodies Confidential Material, this **Protective O**rder is strictly a pretrial order; it does not govern the trial in this action.

19.    Not later than seven days before trial in the action, Counsel agree to meet and confer concerning the use at trial of Confidential Material.

20.    Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any Party or Person:  (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be

protected work product or privileged under California or federal law, Material as to which the Producing Party claims a legal obligation not to disclose, or Material not required to be provided pursuant to California law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any Material, whether or not designated in whole or in part as Confidential Material governed by this Protective Order; or (d) to require that discovery be conducted according to governing laws and rules.

21. Designation of Material as Confidential Material on the face of such Material shall have no effect on the authenticity or admissibility of such Material at trial.

22. This Protective Order shall not preclude any Person from waiving the applicability of this Protective Order with respect to any Confidential Material Provided by that Person or using any Confidential Material Provided by that Person or using any Confidential Material owned by that Person in any manner that Person deems appropriate.

23. This Protective Order shall not affect any contractual, statutory, or other legal obligation or the rights of any Party or Person with respect to Confidential Material designated by that Party.

24. The restrictions set out in the Protective Order shall not apply to any Material which:

        a. At the time it is Provided is available to the public;

        b. After it is Provided, becomes available to the public through no act, or failure to act, of the Discovering Party; or

        c. The Discovering Party can show

            i. Was already known to the Discovering Party independently of receipt of the Confidential Material in this or prior litigation; or

          ii.     Was received by the Discovering Party, after the time it was designated as Confidential Material hereunder, from a third party having the right to make such disclosure.

25.    If at any time any Material protected by this Protective Order is subpoenaed from the Discovering Party by any Court, administrative or legislative body, or is requested by any other Person or entity purporting to have authority to require the production of such material, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party with respect to Confidential Material sought and shall afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures.  If the Producing Party does not prevail on its objections to such disclosure, the Discovering Party may produce the Confidential Material without violating this Protective Order. **Nothing in this Protective Order should be construed as authorizing a Party in this action to disobey a lawful directive from another court.**

<u>**SUBMISSION TO COURT**</u>

26.    The Parties agree to submit this Protective Order to the Court for adoption as an order of the Court. The Parties reserve the right to seek, upon good cause, modification of this Protective Order by the Court.

**IT IS SO ORDERED.**

Date:  October 15, 2013

_Margaret A. Nagle_

_____                              ____

MARGARET A. NAGLE

UNITED STATES MAGISTRATE JUDGE

14

# **EXHIBIT A**

**UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *JibJab Media, Inc. v. Hyundai Motor America, et al.*, No. 2:12-CV-09591 CAS (MANx).  I agree to comply with, and to be bound by, all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:        _____, 2013

City and State where sworn and signed:        _____

Signed:        _____        _____
                        [Print Name]                        [Signature]